**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

AMIR AHMADIYAR, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ASPIRE LAW GROUP, PLLC

Defendant.

Case No. 1:26-cv-01792

**JURY TRIAL DEMANDED**

Plaintiff Amir Ahmadiyar ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Aspire Law Group PLLC ("Defendant") and alleges as follows:

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA as well as Va. Code Ann. §§ 59.1-510, by delivering more than one advertisement or marketing call to cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry"), including pre-recorded calls to a cellular telephone number that it had no relationship with.

3. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff is an individual residing in Virginia.

6. Defendant is a corporation.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. The Court has personal jurisdiction over the Defendant because it directed its calls to Plaintiff who resides in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent into this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

10. The TCPA prohibits the use of pre-recorded messages to make calls. See 47 U.S.C. § 227(b)(3).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. Virginia law also regulates telephone solicitation calls, including calls made for the purpose of offering or advertising goods or services or offering an extension of credit. Va. Code Ann. § 59.1-510.

14. Virginia law provides consumers with a private right of action against persons who violate the Virginia Telephone Privacy Protection Act. Va. Code Ann. § 59.1-515.

## FACTUAL ALLEGATIONS

15. Plaintiff's cellular telephone number is (703) 282-XXXX.

16. On February 13, 2026, Defendant called Plaintiff's cellular telephone number.

17. Plaintiff answered the call and heard a prerecorded message or an artificial voice told Plaintiff.

18. The pre-recorded message stated:

> This is Kiana Navarro with the executive loan review unit. I wanted to reach out because we've just finished reviewing your file, and I do have a status update. You're showing an approval for $39,000 with a 60 month term. 855-909-0914. Based on the underwriting notes that I see here, it looks like we should be able to move with your approval forward. If you're still looking to wrap this up, you can press 2 now or call us back at 855-909-0914

19. Plaintiff then called back and spoke with a live agent.

20. During the call, Plaintiff was informed that he was eligible for a loan and was encouraged conduct an application and enrollment process.

21. Shortly thereafter, Plaintiff received an email from Joseph Adams, who identified himself as an "Enrollment Supervisor".

22. The email provided a hyperlink to an online enrollment page and represented that Plaintiff's information would be submitted directly into the system for processing.

23. The email signature identified the sender as an "Enrollment Supervisor" and included a link to https://aspirelawgroup.com/.

24. he prerecorded call and subsequent email were part of a coordinated effort to induce Plaintiff to apply for, enroll in, or obtain a consumer loan or other extension of credit.

25. The prerecorded message offering a $39,000 loan with a 60-month term was made for the purpose of advertising, promoting, or offering an extension of credit.

26. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ACTION ALLEGATIONS

27. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

28. Plaintiff brings this action on behalf of himself and the following class (the “Class”) pursuant to Federal Rule of Civil Procedure 23.

> **Robocall Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but did not provide their phone number to the Defendant and do not have an account with the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification

> **Virginia Subclass**: All persons in the Commonwealth of Virginia (1) to whom Defendant placed a telephone solicitation call, (2) directed to a residential or cellular telephone number associated with a Virginia resident,

> (3) in connection with which Defendant used an artificial voice or prerecorded message offering or advertising an extension of credit, goods, or services, and/or otherwise constituting a telephone solicitation call within the meaning of Va. Code Ann. § 59.1-510, (4) from four years prior to the filing of this action through the date of class certification

29. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

30. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

31. The exact number of the members of the Class are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

32. The members of the Class are ascertainable because they are defined by reference to objective criteria.

33. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

34. Plaintiff's claims are typical of the claims of the members of the Class.

35. As it did for all members of the Class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

36. Plaintiff's claims, and the claims of the members of the Class originate from the same conduct, practice, and procedure on the part of Defendant.

37. Plaintiff's claims are based on the same theories as the claims of the members of the Class.

38. Plaintiff suffered the same injuries as the members of the Class.

39. Plaintiff will fairly and adequately protect the interests of the members of the Class.

40. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

41. Plaintiff will vigorously pursue the claims of the members of the Class.

42. Plaintiff has retained counsel experienced and competent in class action litigation.

43. Plaintiff's counsel will vigorously pursue this matter.

44. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

45. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

46. Issues of law and fact common to all members of the Class are:

a. Defendant's violations of the TCPA;

b. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to cellular telephone numbers;

c. Defendant's use of an artificial or prerecorded voice;

d. Whether Defendant's prerecorded calls constituted "telephone solicitation calls" within the meaning of Va. Code Ann. § 59.1-510; and

e. The availability of statutory penalties.

47. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

48. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

49. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

50. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

51. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

52. The damages suffered by individual members of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

53. The pursuit of Plaintiff's claims, and the claims of the members of the Class in one forum will achieve efficiency and promote judicial economy.

54. There will be little difficulty in the management of this action as a class action.

55. Defendant has acted or refused to act on grounds generally applicable to the members of the Class making final declaratory or injunctive relief appropriate.

**COUNT I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Robocall Class)**

56. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-55.

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

58. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

59. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

## COUNT II
**Violation of the Virginia Telephone Privacy Protection Act**
**Va. Code Ann. §§ 59.1-510 et seq.**
**(On Behalf of Plaintiff and the Virginia Subclass)**

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-55.

61. The VTPPA regulates telephone solicitation calls made to Virginia residents. Va. Code Ann. §§ 59.1-510 et seq.

62. The VTPPA defines a "telephone solicitation call" to include calls made for the purpose of offering or advertising goods, services, or an extension of credit. Va. Code Ann. § 59.1-510.

63. Defendant initiated telephone solicitation calls to Plaintiff and members of the Virginia Subclass.

64. The prerecorded message received by Plaintiff represented that Plaintiff had been approved for a $39,000 loan with a 60-month term and encouraged Plaintiff to continue the enrollment process.

65. After Plaintiff returned the call, Plaintiff received a follow-up email directing him to complete an enrollment process through an online portal in connection with the advertised loan product.

66. The call constituted a telephone solicitation call because it was made for the purpose of advertising, promoting, marketing, or offering an extension of credit.

67. Defendant's acts and practices violated the Virginia Telephone Privacy Protection Act.

68. Pursuant to Va. Code Ann. § 59.1-515, Plaintiff and the Virginia Subclass are entitled to recover statutory damages, reasonable attorneys' fees, costs, and such other relief as provided by law.

69. Defendant's conduct was willful and knowing, entitling Plaintiff and the Virginia Subclass to enhanced statutory damages to the fullest extent permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Robocall Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Robocall Class and Virginia Subclass as alleged herein;

B. Appointment of Plaintiff as representative of the Class and Virginia Subclass;

C. Appointment of undersigned counsel as Class Counsel;

D. A declaration that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

E. A declaration that Defendant violated the Virginia Telephone Privacy Protection Act, Va. Code Ann. §§ 59.1-510 et seq.;

F. An order permanently enjoining Defendant from engaging in the unlawful conduct alleged herein;

G. Statutory damages to Plaintiff and the Robocall Class pursuant to 47 U.S.C. § 227(b)(3);

H. Treble damages under 47 U.S.C. § 227(b)(3) for willful and knowing violations of the TCPA;

I. Statutory damages to Plaintiff and the Virginia Subclass pursuant to Va. Code Ann. § 59.1-515;

J. Reasonable attorneys' fees, litigation expenses, and costs as permitted by Va. Code Ann. § 59.1-515 and other applicable law;

K. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this June 23, 2026.

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ William Robinson*
William Robinson
VSB:76098
1550 Wilson Blvd., #700
Arlington VA. 22209
ph. 703-789-4800
wprlegal@gmail.com